UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANCINE J. GEORGE,

                              Plaintiff,

                                                                                                        5:19-CV-1215

v.                                                                                                            (LEK/TWD)

PROGRESSIVE INSURANCE AGENCY, INC., et al.,

                              Defendant.
_____

APPEARANCES:

FRANCINE J. GEORGE
 Plaintiff, *pro se*
244 East Colvin Street
Syracuse, New York 13205

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

*Pro se* Plaintiff Francine J. George ("Plaintiff") filed an action against the Progressive Insurance Agency, Inc. ("Progressive"), Tricia Griffith ("Griffith"), Eric Mastrangelo ("Mastrangelo"), Attorney Neil Gingold ("Gingold"), and John Does 1-3 (collectively "Defendants") alleging Defendants violated her constitutional rights and engaged in deceptive business practices. (Dkt. No. 1.) Currently before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP Application"). (Dkt. No. 2.) As noted herein, the Court grants Plaintiff's IFP Application, necessitating further review relative to whether the pleading meets 28 U.S.C. § 1915(e)'s sufficiency standards. For the reasons discussed below, the Court recommends Plaintiff's complaint be dismissed with leave to amend.

I.   **PLAINTIFF'S IFP APPLICATION**

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's IFP Application, the Court finds Plaintiff meets this standard. Therefore, Plaintiff's IFP Application (Dkt. No. 2) is granted.

II.   **ANALYSIS**

   A.   **Standard of Review**

28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in

a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

A *pro se* litigant's pleadings are held to a less strict standard than attorney drafted pleadings. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties."). Because plaintiff is proceeding *pro se*, the Court construes her pleadings "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [*pro se* litigant] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Moreover, a court should not dismiss a *pro se* complaint "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**B.   Summary of the Complaint**

According to Plaintiff, her brother Mauri L. George ("Mr. George") asked to place his camper on her property in March 2015. (Dkt. No. 1 at ¶ 14.) Plaintiff alleges her brother placed his camper on her land without her formal approval in April 2015. (*Id*. at ¶ 16.) Plaintiff contends Progressive insured Mr. George's camper. (*Id*. at ¶ 17.) In April 2015, Mr. George started a fire near his camper that destroyed his camper and destroyed Plaintiff's homestead. (*Id*. at ¶ 18.)

After the fire, Plaintiff alleges she submitted a formal claim to Progressive related to Mr. George's camper fire.  (*Id*. at ¶ 20.)  Plaintiff asserts she "settled" with Mr. George for $500.00 "as partial payment."  (*Id*. at ¶ 21.)

In January 2018, Plaintiff contacted Gingold on an unrelated matter.  (*Id*. at ¶ 22.)  According to Plaintiff, Gingold stated he did not want anything to do with her and for her not to call again.  (*Id*. at ¶ 24.)  Plaintiff again spoke with Gingold in June 2018, and he reiterated that he did not want to talk to Plaintiff.  (*Id*. at ¶¶ 25-26.)

In August 2018, Plaintiff contacted Progressive about her claim and spoke with Mastrangelo.  (*Id*. at ¶ 28.)  Plaintiff asserts Mastrangelo told her Gingold called him in June 2015, stating he represented her regarding this claim.  (*Id*.)  Plaintiff asserts there was no formal letter of representation at that time from Gingold.  (*Id*. at ¶ 29.)  Plaintiff alleges Mastrangelo explained to Gingold that Mr. George's policy did not have a provision for property damages.  (*Id*. at ¶ 31.)

Plaintiff thereafter contacted Gingold regarding the alleged phone call he had with Progressive and he denied any involvement.  (*Id*. at ¶¶ 32-33.)  However, Plaintiff asserts she obtained proof Gingold called Progressive purportedly on her behalf on June 3, 2015, and June 4, 2015.  (*Id*. at ¶ 34.)  Plaintiff asserts Progressive failed to properly confirm Gingold represented Plaintiff before discussing her claim with Gingold.  (*Id*. at ¶ 35.)

Given this factual backdrop, Plaintiff asserts two causes of action against Defendants.  First, pursuant to 42 U.S.C. § 1983, she asserts Defendants "prejudicially interfered with the administration of justice" as it relates to her ability to proceed with her insurance claim.  (*Id*. at ¶¶ 38-51.)  Plaintiff also brings a claim under New York General Business Law § 349 for deceptive acts.  (*Id*. at ¶¶ 52-59.)

4

C.     **Plaintiff's 42 U.S.C. § 1983 Claims**

Section 1983 provides "[e]very person who, under color of any [state] statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of [her] constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003).

State action requires "'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (*quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (emphasis omitted)). "Conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character that it can be regarded as governmental action." *Rendell–Baker v. Kohn*, 457 U.S. 830, 847 (1982) (internal quotation marks omitted). However, a private entity does not become a state actor for purposes of § 1983 merely on the basis of "the private entity's creation, funding, licensing, or regulation by the government." *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003). Rather, "there must be such a close nexus between the [s]tate and the challenged action" that the state is "responsible for the specific conduct of which the plaintiff complains." *Id*. at 111 (internal quotation marks omitted).

5

A fair review of Plaintiff's complaint reveals she failed to set forth allegations establishing any of the Defendants acted under color of state law.  To that end, Griffith and Mastrangelo are alleged to be employees of Progressive—a private corporation, (Dkt No. 1 at ¶¶ 6-8), and Gingold is alleged to be a private attorney from Fayetteville, New York (*id*. at ¶ 9). Because Plaintiff has not alleged any of the Defendants acted under the color of state law in connection with her alleged constitutional deprivation, she has failed to establish an essential element of her putative Section 1983 claim.

Furthermore, given the nature of Plaintiff's claims, the Court seriously doubts Plaintiff would be able to amend her complaint to properly plead facts to establish state action.  In other words, Plaintiff's claim has "substantive" issues an amendment likely cannot cure.  *Cuoco*, 222 F.3d at 112.  Nevertheless, in deference to Plaintiff's *pro se* status, the Court recommends Plaintiff's Section 1983 claim against each Defendant be dismissed with leave to amend.

### D.    Subject Matter Jurisdiction Over Plaintiff's New York Claims

Plaintiff originally asserted this Court had jurisdiction over this action pursuant to 28 U.S.C. § 1331.  (Dkt. No. 1 at ¶ 4.)  However, given the Court's recommendation to dismiss Plaintiff's only putative federal cause of action, 28 U.S.C. § 1331 does not grant this Court subject matter jurisdiction over this action.  Nor would this Court have diversity jurisdiction under 28 U.S.C. § 1332.  Here, Plaintiff alleges she is a citizen of the state of New York[1] and several of the Defendants in this action are also alleged to be New York citizens.  (Dkt. No. 1 at

---

[1] Plaintiff notes she is a member of the Onondaga Nation.  However, a Native American is treated as any other citizen for jurisdictional purposes.  *See* 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3622 (2d ed. 1984 & Supp. 2004).

¶¶ 5 (Plaintiff), 6 (Progressive), 8 (Mastrangelo), 9 (Gingold).)[2]  Moreover, because the district court does not have "original jurisdiction," in this civil action, the Court is unable to exercise its supplemental jurisdiction to consider Plaintiff's state claims pursuant to 28 U.S.C. § 1367. Therefore, this court lacks subject matter jurisdiction to adjudicate her remaining state claim.

The Court recommends dismissing Plaintiff's complaint without prejudice for lack of subject matter jurisdiction.  However, given her *pro se* status, the Court recommends providing Plaintiff an opportunity to amend her pleading to cure the jurisdictional defect.

### III.   Plaintiff's Other Action in Federal Court

The Court takes judicial notice that the current complaint substantially mirrors the complaint in another lawsuit Plaintiff filed in the Northern District on September 21, 2018.  *See George v. Progressive Ins. Agency, Inc*., 5:18-CV-1138 (DNH/ATB) ("*George I*").  Seemingly there are only two substantive differences between the two actions: (1) the nature of relief—in *George I*, Plaintiff asserts claims under N.Y. Penal Law; and (2) the parties—in *George I*, Eric Mastrangelo and Tricia Griffith are not named.  (*Compare* Dkt. No. 1, *with George I*, Dkt. No. 1.)

On September 28, 2018, Hon. Andrew T. Baxter, Magistrate Judge issued an ORDER AND REPORT RECOMMENDATION ("R&R") recommending the District Court grant Plaintiff's IFP status and dismiss Plaintiff's complaint.  (*George I*, Dkt. No. 4.)  However, Judge Baxter recommended she be given forty-five days to file an amended Complaint.  (*Id*.)  On

---

[2]  Griffith is alleged to be an Ohio citizen (Dkt. No. 1 at ¶ 7), however, because the other defendants in this action are all New York citizens there is not "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (explaining that "28 U.S.C. § 1332(a), [] applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").

October 21, 2019, Hon. David N. Hurd, District Judge adopted Judge Baxter's recommendation and ordered that Plaintiff's complaint be dismissed without prejudice unless she files an amended complaint within forty-five days of the order.  (*George I*, Dkt. No. 5.)

To the extent Plaintiff's Complaint in this action is an attempt to file an amended complaint in *George I*, she is directed to re-file her Complaint and IFP application under the appropriate case heading.

## IV.   CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application but recommends Plaintiff's complaint be dismissed with leave to amend.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**;[3] and it is further

**RECOMMENDED** that the Complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**; and it is further

**RECOMMENDED** that in the event the District Court allows Plaintiff to file an amended complaint, she be instructed that any amended complaint must be filed within thirty days of such an Order and be a complete pleading that supersedes her original complaint in all respects (and does not incorporate by reference any portion of her original complaint); and that she not attempt to reassert any claim that has been dismissed with prejudice and/or without leave to amend by the District Court.  The Court further recommends that Plaintiff be directed to comply in all respects with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure, which require, *inter alia*, that the amended complaint contain a short and plain statement of each claim

---

[3]  Plaintiff should note that although her IFP application has been granted, Plaintiff will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

showing that Plaintiff is entitled to relief, and that she state her claims in numbered paragraphs, each limited as far as practical to a single set of circumstances; and it is hereby

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: October 30, 2019
       Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge

---

[4]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).